IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-cv-80480-KAM

FILED by D.C.
OCT 15 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOHN PINSON,

Plaintiff,

vs.

MONARCH RECOVERY MANAGEMENT, INC. a/k/a ACADEMY COLLECTION SERVICE INC.

Defendant.

______________________________/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff asks the court to deny defendant's motion for summary judgment and states:

**Introduction**

1

Plaintiff is John Pinson; defendant is Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc.

2

On March 22, 2012, plaintiff sued defendant for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*. [DE-1].

3

On May 2, 2012, defendant caused action to be removed to Federal court [DE-1], and on May 9, 2012, defendant filed its answer and affirmative defenses [DE-5].

4

On September 10, 2012, defendant filed a motion for final summary judgment [DE-12] on plaintiff's cause of action for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

5

On September 12, 2012, plaintiff filed his Motion for Enlargement of Time to Respond [DE-13].

6

On September 13, 2012, Hon. Judge Marra filed his Notice of Summary Judgment [DE-14] and Endorsed Order [DE-15] enlarging plaintiff's time to respond to October 15, 2012.

7

On September 20, 2012, plaintiff served his Motion for Sanctions Pursuant to Rule 11 and supporting memorandum by US Mail Certified #7011 3500 0002 1529 6664 Return Receipt Requested upon defendant.

8

On October 12, 2012, plaintiff filed his Motion for Sanctions Pursuant to Rule 11 and supporting memorandum [DE-16].

9

Summary judgment is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for defendant's violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*: Defendant obtained plaintiff's credit report without permissible purpose.

**Statement of Facts**

10

In order to comport with Local Rule 56.1(a), plaintiff lists as follows:

**a.** Statements of material facts submitted in opposition to motion for summary judgment.

1.) Defendant does not argue that complaint was filed against them.

2.) There is no verified evidence in any form that has been entered into the court record showing plaintiff had an "account" or "debt" with Sears.

3.) Plaintiff's do not argue that they obtained the credit report of plaintiff; there is no verified evidence in any form that has been entered into the court record showing defendant was retained to collect a debt from plaintiff. There is no verified evidence in any form that has been entered into the court record showing defendant did not obtain plaintiff's social security number by fraud or misrepresentation.

4.) Defendant does not argue that: professional judgment was not exercised on the part of defendant before collection efforts commenced; defendant made no inquiry, effort or due diligence to have a reasonable belief creditors representation was valid and debt was owed by plaintiff.

5.) There are no documents purporting to evidence alleged "account" or "debt" to Monarch or any documentation showing the actual existence of any alleged "account" from Sears or Citibank, or any other entity alleged to be in the chain of ownership.

6.) Other than simple generic, non-specific statements in affidavit made by defendant's employee there is no evidence in any form of any "account" of John Pinson existing that would allow any permissible purpose for defendant to obtain credit report of plaintiff under FCRA.

**b.** Additional facts defendant contends are material:

1.) There is no verified evidence in any form that has been entered into the court record showing the account numbers, amounts alleged to be due, date of origination of the alleged "accounts", current status, or dates and terms of referral or transfer of ownership of the alleged "accounts".

2.) There is no statement made in the affidavit as to what type of alleged "accounts" (i.e. demand deposit, asset, credit, etc.) the defendants are referring to as being "retained to collect" which could give them any permissible purpose to pull the credit report of the Plaintiff even if such "accounts" existed which has not been established through verified evidence before the court.

3.) There is no verified evidence in any form that has been entered into the court record showing defendant was retained to collect from plaintiff.

4.) At no time in the affidavit of Diane Mazzacano did she state the dates of her employment with Sears to be able to testify to first-hand information regarding origination, books and records, or retainer to collect, or referral or transfer of ownership of the alleged accounts.

5.) At no time in the affidavit of Diane Mazzacano did she state she was, or ever had been, the custodian of records for or at Sears.

6.) At no time in the affidavit of Diane Mazzacano did she state the dates of her employment with Citibank to be able to testify to first-hand information regarding origination, books and records, or retainer to collect, or referral or transfer of ownership of the alleged accounts.

7.) At no time in the affidavit of Diane Mazzacano did she state she was, or ever had been, the custodian of records for or at Citibank.

**Standard of Review**

11

Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

12

A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of its claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendant meets its burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

13

In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002).

## Argument

14

Plaintiff must prove the following essential elements to sustain a claim for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*. against defendant: Defendant obtained plaintiff's credit report without permissible purpose. Because there is a material fact issue on the element of: Defendant obtained plaintiff's credit report without permissible purpose, defendant is not entitled to summary judgment in this case.

15

For the defendant to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether defendants had a permissible purpose to obtain plaintiff's credit report.

16

The defendant must therefore prove through evidence before the court rather than conclusory statements or speculation that they had a permissible purpose to pull the plaintiff's credit report.

17

The only evidence offered by the defendant is the affidavit of Diane Mazzacano, an employee of Monarch, which states nothing more than she is familiar with the alleged account, some basic alleged details, it's alleged chain of ownership, alleged retainer for collection, and the lawsuit filed by the plaintiff.

18

The affidavit states there is an account Monarch was "retained to collect" that allegedly originated with Sears or Citibank but there is no documentation on the record whatsoever to show that had occurred.

19

There is not one document in the record submitted by the defendant as verified evidence to show the existence of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any identifying information regarding the alleged account.

20

The affidavit does nothing more than refer to facts not in evidence and refers to events regarding chain of ownership of the alleged account where there is no verified evidence of said alleged facts or events before the court.

21

The statements in the affidavit are nothing more than hearsay, are not supported by any verified documentation whatsoever and should not be considered by the court.

22

The statements in the defendant's motion attempting to use the affidavit with no other verified evidence to support it as a grounds for summary judgment are conclusory without question and cannot support a motion for summary judgment. See Celotex Corp. 477 U.S. at 327, 106 S.Ct. at 2555.

**Objections**

23

The evidence submitted in support of defendant's motion should not be considered by the court because it is neither properly authenticated nor admissible. The court should strike the following summary judgment proof:

**a.** Affidavits. Defendant relies on a defective affidavit.

- Defendant states in their motion they rely solely on an Affidavit provided by Diane Mazzacano as "Summary Judgment Evidence" where the affidavit annexed to this motion is found by plaintiff not properly executed and not follow format provided in 28 USC § 1746 "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

  (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

- The affidavit fails to state the jurisdiction in which it was executed; State of & County of; Notary must be in authorized jurisdiction when notarizing document.
- The affidavit refers to facts not in evidence before the court.
- The declaration has not been authenticated before the court and is hearsay.

**Summary Judgment Evidence**

24

In support of his response, Plaintiff includes the following evidence in the attached appendix:

**a.** Affidavits. The affidavit of John Pinson establishes the fact that there is no evidence before the court that there is an account of John Pinson in existence or that Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. is the owner of the account, or was referred the account and would have permissible purpose to obtain plaintiff's credit report, and John Pinson never gave Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. permission to obtain his credit report.

**b.** Interrogatories. Defendant's answers to interrogatories numbers:

No. 1. establish "Monarch was acting as a 3rd party bill collector"; "Monarch does not own Plaintiff's debt".

No. 7. establish [Describe in detail any verifiable, bona fide, Original contract between any entity and Plaintiff containing Plaintiff's signature creating any obligation that MONARCH could have any right to collect.] "none to our knowledge".

## Conclusion

25

The defendant has not met their burden to show that there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch v. Props.*, 140 F.3d at 625. The defendant has proffered nothing more than a generic affidavit from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of being retained to collect, referred or owning or owning an interest in any "account" which would give them permissible purpose to obtain plaintiff's credit report.

27

**WHEREFORE**, because the Defendant has failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court deny the Defendant's motion for summary judgment, strike the Defendant's affidavit and allow Plaintiff's claim, to move forward to trial on the merits.

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, FL
33401
Tel.: 561-329-2524
Email: john@pinson.com

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed October 15, 2012

John Pinson

Craig S. Hudson
Marshall, Dennehey, Warner
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301

Counsel of Record for the Defendants
MONARCH RECOVERY MANAGEMENT, INC. a/k/a ACADEMY COLLECTION SERVICE INC

**AFFIDAVIT**

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 9:12-cv-80480-KAM John Pinson v. Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc.:

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. is the owner of any account of John Pinson.
2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. acquired any account of John Pinson.
3. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. acquired any interest in any account of John Pinson.
4. The Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. was retained to collect any account of John Pinson as stated in the Affidavit of Diane Mazzacano.
5. The Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. was retained to collect any account of John Pinson for Sears and/or Citibank as stated in the declaration of Affidavit of Diane Mazzacano.

6. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any account of John Pinson that originated with Sears or Citibank where there is any balance due and owing that could be collected by Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc.

7. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any account of John Pinson where there is any balance due and owing that could be collected by Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc.

8. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any permissible purpose for the defendant and/or their counsel in Case No. 9:12-cv-80480-KAM in the United States District Court for the Southern District of Florida, West Palm Beach Division to obtain the credit report of John Pinson.

9. That Affiant/Plaintiff at no time gave permission to Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. or its council to obtain his credit report.

10. Defendant's council did not mail Motion for Summary Judgment to Plaintiff which resulted in Plaintiff filing Motion for Sanctions under Rule 11 [DE-16].

11. Parties are presently in discovery process.

12. Parties held good faith telephone conference discussing Plaintiff's request for better answers to defendant's discovery responses on October 5, 2012 at 2:00 PM EST. Plaintiff offered defendant 5 days to improve responses. Defendant has yet to serve improved responses

## NOTARY'S VERIFICATION

STATE OF FLORIDA

COUNTY OF PALM BEACH

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in West Palm Beach, Florida

October 15, 2012

John Pinson

October 15, 2012

Name of Notary: Deborah S. Gambarotti

Signature of Notary: Deborah S Gambarotti

seal


