UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80480-CIV-MARRA/BRANNON

JOHN PINSON,

Plaintiff,

vs.

MONARCH RECOVERY MANAGEMENT,
INC., a/k/a ACADEMY COLLECTION
SERVICE, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion for Summary Judgment (DE 12) and Plaintiff's Motion for Sanctions (DE 16).  The Court has carefully considered the Motions and is otherwise fully advised in the premises.

On May 2, 2012, Defendant filed its Notice of Removal of *pro se* Plaintiff's four-count complaint brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (DE 1.)  Subsequently, on May 31, 2012, the Court issued its Scheduling Order, which set a December 28, 2012 deadline for discovery and a January 15, 2013 deadline for the filing of dispositive motions. (DE 7.)  On September 10, 2012, Defendant filed its motion for summary judgment. (DE 12.)  A significant portion of that motion was devoted to Defendant's argument that it had a permissible purpose in obtaining Plaintiff's credit report. (Id. at 4-5.)

In support of its motion, Defendant provided an affidavit from Diane Mazzacano. (DE 12-2.)  This affidavit states that Ms. Mazzacano is Defendant's chief administrative officer and she has personal knowledge of the facts sworn to in the affidavit. Paragraph four of the affidavit

states that Defendant "had a reasonable basis to believe that the debt belonged to the named Plaintiff." Id. There are no facts set forth in the affidavit which explain what gave Defendant "a reasonable basis to believe that the debt belonged to the named Plaintiff." The Court finds that this statement is conclusory and insufficient to support Defendant's motion for summary judgment.[1] See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without supporting facts have no probative value.") (quoting Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) (internal quotation marks omitted); Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir.1985) ("[C]onclusory allegations [in an affidavit] without specific supporting facts have no probative value."); see also Fed. R. Civ. P. 56(e) ( "[a] supporting or opposing affidavit must be made on personal knowledge"); cf. Ellis v. England, 432 F.3d 1321, 1325-26 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"); Bald Mountain Park Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir.1989) ("Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."). Hence, the Court will deny Defendant's motion without prejudice.[2]

---

[1] The Court also notes that Defendant referred to facts in its motion not supported by Ms. Mazzacano's affidavit. For example, the motion states that Defendant accessed Plaintiff's credit report "which matched with his social security number and address." (DE 12 at 3.) Should Defendant decide to re-file a summary judgment motion, it must correct this deficiency. See S.D. Fla. L.R. 56(a)(2) (facts in summary judgment motion must "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.")

[2] Plaintiff should feel free to conduct discovery to pursue his claim, as requested in its response to the summary judgment motion. The discovery cutoff is not until December 28, 2012. (DE 7.)

The Court will now address Plaintiff's motion for Rule 11[3] sanctions. The Court will

---

[3] Rule 11 of the Federal Rules of Civil Procedure states in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

. . .

(c) Sanctions.

> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

. . .

(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Fed. R. Civ. P. 11.

deny this motion. There is no indication that Plaintiff complied with the requirement contained in Rule 11(c)(2) that the motion must be served on the other party prior to filing it with the Court. Moreover, the basis for the motion is that Defendant served Plaintiff by email and not by mail, that Defendant's counsel made a false statement that the motion for summary judgment was served by mail, that Defendant failed to respond to a discovery request and that it is inappropriate for Defendant to file a motion for summary judgment when the discovery period is still open. The Court rejects all of these contentions as a basis for a viable Rule 11 motion. Lack of service by mail as opposed to email, a statement that may have been mistake as opposed to intentionally dishonest, and the filing of a motion for summary judgment prior to the close of discovery do not violate Rule 11. See Fed. R. Civ. P. 11(b). Furthermore, discovery complaints are not sanctionable under Rule 11. Fed. R. Civ. P. 11(d). Therefore, the Court denies Plaintiff's motion for sanctions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Summary Judgment (DE 12) is **DENIED WITHOUT PREJUDICE.**

2) Plaintiff's Motion for Sanctions (DE 16) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November, 2012.

_____
KENNETH A. MARRA
United States District Judge