IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-cv-80480-KAM

JOHN PINSON,

    Plaintiff,

vs.

MONARCH RECOVERY MANAGEMENT,
INC. a/k/a ACADEMY COLLECTION
SERVICE INC.

    Defendant.
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff respectfully asks the court to deny defendant's motion for protective order.

## Introduction

1

Plaintiff is John Pinson; defendant is Monarch Recovery Management, Inc. a/k/a Academy Collection Service Inc. (hereinafter "Monarch")

2

Plaintiff sued defendant for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq.

3

Plaintiff did serve his first set of interrogatories and requests for production to defendant on August 17, 2012. Defendant did respond, and plaintiff did find response inadequate. Plaintiff did conference in good faith with counsel for defendant on October 5, 2012, where counsel said she needed to confer with her client and would respond. October 5, 2012 is the last time plaintiff has been able to speak to counsel on the phone. Counsel has been unresponsive to telephone calls and messages, e-mails and letter.

4

Plaintiff did serve his second set of interrogatories and requests for production to defendant on October 29, 2012. Defendant did respond on November 28, 2012, and objected to 16 of 17 interrogatories and did not produce documents. Plaintiff's efforts to reach counsel for defendant were unsuccessful. October 5, 2012 is the last time plaintiff has been able to speak to counsel on the phone. Counsel has been unresponsive to telephone calls and messages, e-mails and letter.

5

Defendant's objections and answers thus far are nothing more than an effort to subvert the discovery process.

6

Plaintiff did serve plaintiff's third set of requests for production, and plaintiffs first set of requests for admissions on November 26, 2012. Instead of answering plaintiff's discovery requests, defendant filed a motion for protective order [DE 21] on December 26, 2012, asking the court to enter an order protecting it from plaintiff's reasonable request.

7

From October 5th to the present time, counsel for the defendant has been unresponsive to telephone calls and messages, e-mails and letter.

8

Plaintiff did submit all discovery requests in good faith and in effort to gain admissible evidence.

9

Counsel for the defendant does continue to be uncooperative. Defendant is not forthcoming with adequate responses per Federal Rules of Civil Procedure and Local Rules of this Court.

10

Defendant did not make any effort to respond, did not answer any admission whatsoever. Defendant simply made a blanket objection in the form of a Motion for Protective Order.

11

It is unimaginable that defendant's Motion for Protective Order is anything other than defendant's further attempt to subvert the discovery process masquerading as a motion.

## **Argument**

### 12

Although the court has broad discretion to protect a party with a protective order on a showing of good cause, this is not a case in which the court should do so. *See* Fed. R. Civ. P. 26(c); *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 2001). To determine good cause, the court must weigh the movant's privacy interests in the information and its burden of producing the information against the right of the nonmovant and the public to obtain the information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36, 104 S.Ct. 2199, 2208-09 (1984).

### 13

The court should deny defendant's request for a protective order for the following reasons:

### 14

Even though plaintiff's third set of requests to produce would require defendant to produce many relevant documents, the discovery is necessary because plaintiff has uncovered further violations of consumer protection laws by defendant through the discovery process. Plaintiff requests information that is not obtainable from another source that is more convenient, less burdensome and less expensive because defendant does have these documents in its possession. Fed. R. Civ. P. 26(b)(2)(i). Further, plaintiff would enter into a non-disclosure agreement on any materials proprietary to the defendant or would consider In Camera review of documents.

### 15

Plaintiff has not had sufficient opportunity through discovery to obtain the information sought by requests to produce and requests for admissions. Fed. R. Civ. P. 26(b)(2)(ii). Defendant had objected to plaintiffs first and second requests for production with one exception, defendant did produce system notes, but even these were redacted and plaintiff believes these redactions hide further violations of consumer protection laws by defendant. Plaintiff did attempt to gain un-redacted system notes unsuccessfully, and then attempted to gain admissible evidence through specific requests for admissions.

16

The burden of defendant's answering plaintiff's requests for admissions does not outweigh the likely benefit of the discovery, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(iii). Defendant did not even answer one admission. Requests for admission are simple admit or deny requests. Defendant allegations of plaintiff's admissions being interrogatories is preposterous. Plaintiff is a pro se and is not educated in such crafty lawyerly matters; plaintiff's requests for admissions are simple, to the point, admit or deny requests.

17

Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." Id.

18

Discovery is necessarily broad and to be accorded liberal use. Broad discovery promotes preparation of the parties. It also promotes judicial efficiency. The parties and the court benefit from lack of surprise and unnecessary delays caused by lack of preparation and discovery disputes which take up the court's time and resources. Broad discovery promotes settlement as all parties are able to learn facts related to their claims so that proper evaluation and discussion occur. All American courts agree that discovery is extremely broad. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S. Ct. 2199 (1984); Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979); Hickman v. Taylor, 329 U.S. 495 (1947). Discovery of documents is permitted where the documents might even lead to the discovery of admissible evidence. Miller v. Federal Express Co., 186 F.R.D. 376 (U.S.D.C. W.D. Tenn. 1999). Relevancy is particularly broad in discovery. Id. Relevance is determined by whether the information or documents sought relate to a claim, defense or credibility of a witness. It also includes whether the information sought might reasonably lead to the discovery or location of evidence that is relevant and admissible. Scouler v. Craig, 116 F.R.D. 494 (U.S.D.C. N.J. 1987); Hickman v. Taylor, supra, ("No

longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into facts underlying the opponent's case.").

19

Discovery is designed to take the "game" element out of trial preparation by enabling parties to obtain the evidence necessary to evaluate and resolve their dispute beforehand. Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649.

20

Courts have routinely granted sanctions where a party responding to discovery utilize frivolous, boiler-plate objections. The responses thus far are boiler-plate, cookie cutter objections which have been improperly interposed to stall discovery and to harass plaintiffs. Such obstructionist tactics are not to be condoned. The only way to combat this practice is to penalize those who thwart court orders and interpose improper, frivolous, deplorable objections to discovery. St. Paul Reinsurance Co., et al. v. Commercial Fin. Corp., 198 F.R.D. 508 (U.S.D.C. N.D. Iowa 2000). Generalized objections are likewise not sufficient to properly respond to discovery. Cipollone v. Liggett Group, 785 F.2d 1108, 1121 (3d Cir. 1986); Burns v. Imagine Films Entertainment, 164 F.R.D. 589, 592-593 (U.S.D.C. W.D. N.Y. 1996); Chubb Integrated Systems v. National Bank of Washington, 103 F.R.D. 52, 58 (U.S.D.C. D.C. 1984).

21

The responding party to discovery may object to any item or category of documents or things requested, in whole or in part. However, in order for an objection to be effective, the respondent must identify the specific document or evidence requested as to which the objection is made and set forth the specific reasons for the objection, including any claims of privilege of work product protection. Fed.R.Civ.Proc. 34(b). Further, if the respondent decides to withhold any document as privileged, they are required to identify and describe the documents in sufficient detail to enable plaintiffs, in this case, to contest the claim. They must provide a "privilege log" which describes the general nature of the document, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the documents present location, and the specific reason(s) it

was withheld. Protective Nat. Ins. Co. v. Commonwealth Ins. Co., 137 F.R.D. 267, 285 (fn.3).

22

The Court has great discretion in considering discovery motions and requests. That great discretion is subject to an "abuse of discretion" standard of review. Lone Star Steakhouse & Saloon v. Alpha of VA, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988). The range of discovery is broad and litigants are to be provided access to information that might be useful even if their use is only in cross-examination. See Haney v. Woodward & Lothrop, Inc., 330 F.2d 940 (4th Cir. 1964).

23

Defendant's Motion for Protective Order is nothing more than defendant's further attempt to subvert the discovery process masquerading as a motion.

## Request for Sanctions

24

Plaintiffs submit that this motion should be denied. Defendant should be ordered to file more accurate and complete responses to plaintiff's third set of requests to produce and requests for admissions should be deemed admitted. Defendant should be cast for plaintiffs' attorney fees if any and costs in connection with this response. Awards of plaintiffs' reasonable expenses and attorney fees if any are proper. Plaintiffs would respectfully ask that the court allow such awards by separate application once the motion is decided. Defendant's failures are not substantially justified and awards would not be unjust. Argo Marine Systems v. Camar Corp., 755 F.2d 1006 (2nd Cir. 1985); Hyde & Drath v. Baker, 24 F.3d at 1172 (9th Cir. 1994); Fed.R. Civ. Proc. 37(b).

25

Sanctions are proper if a party or someone under the party's control is guilty of misconduct. Wanderer v. Johnston, 910 F.2d 652, 657 (9th Cir. 1990). This court may order the matters at issue (or other designated facts) "established" for purposes of this action. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea, 456 U.S. 694, 695, 102 S. Ct. 2099, 2100; Fed.R. Civ. Proc. 37(b)(2)(A). The court may also order

that defendant is precluded from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence. Brimmer v. Whirlpool Corp., 536 F.2d 838 (9th Cir. 1976); Fed.R. Civ. Proc. 37(b)(2)(B); Committee Notes on the Amendments to the Federal Rules of Civil Procedure, 146 F.R.D. 401, 692 (1993). The court may strike defendant's pleadings, may enter a default and/or take other dispositive action against defendant. Fed.R.Civ.Proc. 37(b)(2)(C); Navarro v. Cohan, 856 F.2d 141 (11th Cir. 1988); Committee Notes on the Amendments to the Federal Rules of Civil Procedure, 146 F.R.D. 401, 692 (1993). Plaintiffs have shown conduct which is disobedient and in direct contravention of an order and directives from the Court here, at least, in defendant's multiple obstructive and non-compliant responses. Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993). The standard of "willfulness" or "bad faith" is met by showing "disobedient conduct which is not outside the control of the litigant." Id. Sanctions are proper to meet the public interest in expeditious resolution of litigation, the court's need to manage its docket, the need to enforce the disclosure and discovery plan and its processes, the prejudice to the plaintiffs caused by defendant, the public policy favoring reduction in discovery-related expenses, reduced need for court intervention, and preservation of judicial resources.

## Conclusion

26

Plaintiff did submit his discovery requests in good faith to gain admissible evidence germane to the instant action as provided for in the Federal Rules of Civil Procedure and Local Rules of this Court. October 5, 2012 is the last time plaintiff has been able to speak with counsel for the defendant on the phone, as counsel has been utterly unresponsive to telephone calls and messages, e-mails and letter.

27

Defendant did submit its motion for protective order in a blatant effort to further avoid responding to plaintiff's good faith discovery requests and in doing so subverts the discovery process. For these reasons, plaintiff asks the court to deny defendant's motion for a protective order.

Respectfully Submitted,

*[signature]*

John Pinson
526 Westwood Road
West Palm Beach, FL
33401
Tel.: 561-329-2524
Email: john@pinson.com

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed December 27, 2012

*[signature]*

John Pinson

Craig S. Hudson
Marshall, Dennehey, Warner
100 Northeast Third Ave., Ste 1100
Ft. Lauderdale, FL 33301

Counsel of Record for the Defendants
MONARCH RECOVERY MANAGEMENT,
INC. a/k/a ACADEMY COLLECTION
SERVICE INC