UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80480-CIV-MARRA/BRANNON

JOHN PINSON,

Plaintiff,

vs.

MONARCH RECOVERY MANAGEMENT,
INC., a/k/a ACADEMY COLLECTION
SERVICE, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for Summary Judgment (DE 38) and Defendant's Amended Motion for Summary Judgment (DE 40).  The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

The facts, as culled from affidavits, exhibits, answers, answers to interrogatories and reasonably inferred therefrom, for the purpose of these motions, are as follows:[1]

According to Defendant Monarch Recovery Management's ("Defendant") chief administrative officer, Defendant was retained to collect a  Citibank, N.A. ("Citibank") Sears Gold Mastercard account owned by Plaintiff John Pinson ("Plaintiff"). (Diane Mazzacano Aff. ¶ ¶ 1, 3; DE 40-1.)   Defendant had a reasonable basis to believe that the debt belonged to Plaintiff. (Id. at ¶ 4.)  Citibank provided Defendant with Plaintiff's account number, name and social

---

[1] To the extent the parties have made factual statements that are not supported by specific references to the record, the Court has disregarded them. See S.D. Fla. L. R. 56.1(a)(2).

security number and a statement indicating the balance of Plaintiff's debt obligation assigned to Defendant. (Id. at ¶ 5.)  On March 6, 2009, Defendant accessed Plaintiff's Experian credit report for purposes of assuring that it had the most current address and telephone numbers for Plaintiff in order to contact Plaintiff about his debt obligation and engage in collection efforts. (Id. at ¶¶ 9-10.)  Defendant also sought this information for the purpose of providing the proper disclosures to Plaintiff. (Id. at 11.)  Plaintiff did not give Defendant permission to obtain his Experian credit report. (Pl. Aff. ¶ 9, DE 45-2.)

Defendant moves for summary judgment, claiming that it had a permissible purpose in obtaining Plaintiff's credit report and that its conduct was not willful as a matter of law.  Plaintiff also moves for summary judgment and contends that Defendant's claim that it had a permissible purpose to obtain Plaintiff's credit report is conclusory and that Defendant has not been cooperative in communicating with Plaintiff and has provided unsatisfactory discovery responses.

II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. Discussion

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., governs the use and dissemination of consumer credit information. Under FCRA, a consumer reporting agency may furnish a consumer report under specified permissible purposes. See 15 U.S.C. § 1681b. For example, a report may be provided "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review of collection of an account of the consumer." Id. at § 1681b(a)(3)(A). In other words, this provision of FCRA permits a debt collector to request a credit report if it uses the report to review an account. See Levine v. World Fin. Network Nat. Bank, No. 1:04–CV–1283–BBM, 2004 WL 5545033, at * 2 (N.D. Ga. Nov. 8, 2004), rev'd and remanded on other grounds, 437 F.3d 1118 (11th Cir. 2006) (citing Dumas v. City of Chicago, No. 99-C-5436, 2000 WL 91921, at *1 (N.D. Ill. Jan 19, 2000)). "[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." Korotki v. Attorney Svcs. Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996). Whether a permissible purpose existed is a question of law. See Miller v. Rubin & Rothman, LLC, No. 10-2198, 2011 WL 4359977, at * 3 (D. Minn. Sept. 19, 2011); Smith v. John P. Frye, P.C, No. 10–CV–3366, 2011 WL 748363, at * 2 (N.D. Ill. Feb. 24, 2011); Edge v. Professional Claims Bureau, Inc., 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999).

Here, Defendant has submitted an affidavit from its chief administrative officer stating it was retained to collect a debt owed by Plaintiff to Citibank, that it had a reasonable basis to believe the debt belonged to Plaintiff based on the information provided to it by Citibank, and in an effort obtain Plaintiff's address and telephone number to collect Citibank's debt, it accessed

Plaintiff's credit report. (Mazzacano Aff. ¶¶ 3-5, 9.)  Plaintiff has not provided any evidence to refute these facts.  Based on this undisputed evidence, the Court finds, as a matter of law, that Defendant did not violate the FCRA.  See  Edge, 64 F. Supp. 119 (the debt collection agency had a permissible purpose for obtaining the creditor's credit report when it had the goal of obtaining the debtor's current address).  Furthermore, because the evidence showed that Defendant reasonably believed that the account was due and owing when it accessed the credit report, there is no basis to find that Defendant acted willfully.  See Harris v. Mexican Speciality Foods, Inc., 564 F.3d 1301, 1310 (11th Cir. 2009) (a FCRA violation  is "'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law").

     Plaintiff disagrees.  Plaintiff contends that Defendant has failed to provide record evidence to show Defendant was assigned a debt, that a statement had been provided to Defendant by the creditor and it had a reasonable basis to believe that the debt belonged to Plaintiff.  In support, Plaintiff states that Ms. Mazzacano's affidavit is rife with hearsay and is conclusory.  It appears Plaintiff is under the impression that it is necessary for Defendant to produce the documents that led Defendant to believe it was collecting a debt.  That is not necessary.  All Defendant must show is that it is uncontroverted that it was under this belief when it accessed the credit report.  Indeed, that is the purpose of the affidavit.  In fact, it is Plaintiff who has made conclusory statements; namely, that Defendant did not have a reasonable basis to access Plaintiff's credit report.  Plaintiff has not produced any record evidence, such as deposition testimony from Defendant's representative or exhibits, to challenge Defendant's evidence.  Instead, Plaintiff has provided his own affidavit, which is conclusory and which states

5

that he is not in receipt of anything to show that Defendant was "retained, referred or assigned to collect" his account. (Pl. Aff. ¶ 4.) This is inadequate to support Plaintiff's motion. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without supporting facts have no probative value.") (quoting Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) (internal quotation marks omitted).

Moreover, to establish a FCRA claim of willful misuse or acquisition of a consumer report, Plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that Defendant used or obtained it, (iii) that Defendant did so without a permissible statutory purpose, and (iv) that Defendant acted with the specified culpable mental state. Shephard-Salgado v. Tyndall Federal Credit Union, No. 11–0427–WS–B, 2011 WL 5401993, at * 3 (S.D. Ala. Nov. 7, 2011). There is no dispute between the parties that there was a consumer report and that Defendant obtained it. As a moving party, however, Plaintiff has not met its burden to show that Defendant obtained the credit report without a permissible purpose or that Defendant acted willfully. Instead, Plaintiff complains that Defendant failed to communicate with him and that Defendant's discovery responses were unsatisfactory. (DE 38 at ¶¶ 26, 34, 39, 41, 53, 57.) Plaintiff, however, brought his discovery concerns to the Magistrate Judge assigned to this case, who issued a ruling on both parties' discovery concerns, which satisfied Plaintiff.[2] (Jan. 15, 2013 Order, DE 36.)

For the foregoing reasons, the Court grants Defendant's Amended Motion for Summary

---

[2] Specifically, Plaintiff filed a Notice with the Court stating that he found the discovery conference helpful, that Defendant provided him with some of the requested materials, and that the remaining documents either "do not exist, are not available or require court intervention for production, and therefore [Plaintiff] will not move to modify the discovery plan." (DE 37.)

Judgment and denies Plaintiff's Motion for Summary Judgment.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motion for Summary Judgment (DE 38) is **DENIED**.

2) Defendant's Amended Motion for Summary Judgment (DE 40) is **GRANTED.**

3) The Court shall separately enter judgment for Defendant.

4) The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of March, 2013.

_____
KENNETH A. MARRA
United States District Judge